UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alan J. Sheppard, | ) C/A No. 2:11-01538-MBS-BM |
| Plaintiff, | ) |
| vs. | ) |
| William O. Higgins, as Lawyer with Ellis, Lawhorne & Sims, P.A.; | ) |
| Ronald C. Owens, as agent with guarantor, KRA; | ) Report and Recommendation |
| Russel Bennett as guarantor; | ) |
| Charles P. Darby, as guarantor, | ) |
| Defendants. | ) |

The Plaintiff, Alan J. Sheppard, proceeding *pro se*, brings this action alleging claims of fraud and legal malpractice. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore



1

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

The Complaint alleges that the "Defendant William Higgins undertook to provide legal services for Plaintiff and held himself out as competent in the area of law dealing with the legal matter for which Plaintiff retained the services of Defendant." ECF No. 1, page 3. Plaintiff states that "Defendant [Higgins] negligently failed to act with the degree of competence generally possessed by attorneys in the State who handle legal matters similar to Plaintiff's." *Id.* Specifically, Defendant Higgins is alleged to have failed to "explain to the Plaintiff the existence of a Conflict of Interest in representing Plaintiff while also representing Russell Bennett and KRA." *Id.* The Complaint also alleges that Defendant Higgins failed to release funds to the Plaintiff to which Plaintiff was legally entitled, instead releasing said funds to Defendants Ron Owens and Russell Bennett. *Id.* Thus, Plaintiff alleges that Defendants Higgins, Owens, and Bennett conspired to "work together and discussed tactics to make sure they kept $500,000 out of our account against [Plaintiff's] directions." *Id.* at 4. Defendant Charles P. Darby is not discussed in the body of the Complaint. Plaintiff seeks monetary damages for the Defendants' actions. *Id.*

## Discussion

In order for a court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.



*Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  *Bulldog Trucking*, 147 F.3d at 352.  *See also* F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Further, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.

A Plaintiff must allege the facts essential to show jurisdiction in his pleadings.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[,] " although if the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).  However, if the court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.   The allegations contained in the Plaintiff's Complaint do not fall within the scope of either of these two criteria. First, there is no basis for a finding of diversity jurisdiction, as the diversity statute,



28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). Here, the Court has no diversity jurisdiction over this case because, according to the Plaintiff's Complaint, both he and the Defendants are residents of South Carolina.[1]

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States;" 28 U.S.C. § 1331; as Plaintiff's allegations do not assert that the Defendants have violated a federal statute or constitutional provision. Instead, Plaintiff's Complaint involves allegations of fraud and legal malpractice. Generally, such issues are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Kapoor v. Majors*, Nos. 99-1840, 99-1881, 2000 WL 628783 (4th Cir. May 16, 2000)(affirming district court's dismissal of legal malpractice claim for lack of subject matter jurisdiction); *Gray v. Petoseed Co., Inc.*, No. 96-1859, 1997 WL 716454 at *3 (4th Cir. Nov. 18, 1997)(finding federal jurisdiction over a fraud claim proper because the statutory requirements for diversity were met).

Finally, while Plaintiff fails to provide any basis for federal jurisdiction over this claim, it is noted that the Complaint does contain the word "conspiracy" in relation to the Defendants' actions. However, even if liberally construed as a conspiracy action brought pursuant to 42 U.S.C. § 1985(3), the instant case is still subject to summary dismissal. In order to maintain a conspiracy action under §1985(3), a plaintiff must satisfy four elements:

---

[1] In the absence of diversity of citizenship, the amount in controversy is irrelevant.

4



> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). *See also Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995). The Supreme Court has further held that, in addition to the above criteria, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus". *Id.* at 102. *See also Trerice v. Summons*, 755 F.2d 1081, 1084 (4th Cir. 1985). Here, although Plaintiff states that the Defendants in this action "discussed tactics" to keep money out of Plaintiff's account, he fails to provide any facts to indicate any discriminatory motive on the part of the Defendants. Instead, the Complaint indicates that the Defendants intended to injure Plaintiff financially. *See United Bhd. Of Carpernters, Local 610 v. Scott*, 463 U.S. 825, 837-39 (1983)(holding that § 1985(3) does not reach conspiracies motivated by economic or commercial animus). Thus, to the extent Plaintiff may have been attempting to allege a cause of action arising under 42 U.S.C. § 1985(3), his conspiracy claim must fail.

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____

July 13, 2011                                          Bristow Marchant
Charleston, South Carolina                  United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

